# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

No. 9:01-CR-45

United States of America

v.

James Alford Tutt
          Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

   Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed March 15, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on April 22, 2002, before The Honorable John Hannah, Jr., U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of III, was 60 to 71 months. Defendant was subsequently sentenced to 60 months imprisonment followed by 4 years supervised release subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for drug abuse, as directed by the probation officer; and providing probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain employment.

## II. The Period of Supervision

On April 26, 2006, defendant completed his period of imprisonment and began service of the supervision term. Defendant's case was later reassigned to The Honorable Ron Clark, U.S. District Judge for the Eastern District of Texas, on April 26, 2006.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 15, 2010. The petition alleges that defendant violated the following conditions of release:

    Mandatory Condition:    Defendant shall refrain from any unlawful use of a controlled substance.

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Mandatory Condition: | Defendant shall not illegally possess a controlled substance. |

As grounds, the petition alleges that defendant was arrested on November 3, 2009, by the Center Police Department for possession of a controlled substance. The petition also alleges that defendant possessed cocaine through use on or about August 25, 2008. Additionally, it is alleged that defendant submitted a urine specimen on August 25, 2008, which tested positive for cocaine.

### IV. Proceedings

On March 31, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen, which tested positive for cocaine. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 3 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen, which tested positive for cocaine.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by submitting a urine specimen, which tested positive for cocaine, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and defendant is required to serve a term of imprisonment, the court may include a requirement that defendant be placed on a term of supervised release after imprisonment. Under 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2), the length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than five years.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### **Findings:**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen, which tested positive for cocaine. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release by failing to refrain from the unlawful use of a controlled substance.

### **Conclusion and Justification:**

Defendant's violation is a Grade C violations with policy guidelines suggesting 5 to 11 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by submitting a urine specimen, which tested positive for cocaine. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

In addition, a downward departure from the guideline range– as agreed and jointly requested by the parties – is appropriate. The violation occurred in

2008, however the petition was not filed until 2010, one month prior to the expiration of his supervised release. Therefore, it is in the best interest of the defendant to receive a sentence which departs from the guideline range.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by submitting a urine specimen, which tested positive for cocaine, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 3 months.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __2__ day of April, 2010.

_____
Earl S. Hines
United States Magistrate Judge